UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEE BUTLER,

        Petitioner,                         Case No. 1:12-cv-943

v.                                              Honorable Robert J. Jonker

CARMEN D. PALMER,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Curtis Lee Butler is a state prisoner incarcerated at the Michigan Reformatory. On January 12, 2010, Petitioner pleaded guilty in Ottawa County Circuit Court to maintaining a laboratory involving methamphetamine ("meth"), Mich. Comp. Laws § 333.7401c(2)(f), and conspiracy to manufacture or deliver a controlled substance, Mich. Comp. Laws § 333.7402(2)(a).

At his plea hearing, Petitioner made the following admissions in support of the plea:

THE COURT: On that date, did you have a chemicals and Laboratory equipment for the purpose of manufacturing methamphetamine?

THE DEFENDANT: Yes sir, Your Honor.

THE COURT: And did you provide those to another person knowing that they were going to be used for that purpose?

THE DEFENDANT: Yes sir, I did, Your Honor.

THE COURT: Is it also true on that day that you made an agreement with Scott Crowner, Sherry Gritts and Matthew Svevad to deliver or - manufacture- excuse me, some methamphetamine?

THE DEFENDANT: Yes sir.

THE COURT: And did one of you take steps to actually do that?

THE DEFENDANT: Yes sir.

(Mem. in Support of Pet., docket #2, Page ID#15.) In addition, in a description of the offense included in his pre-sentence report, he wrote, "'Give money to Matthew Svevad and Scott Richard with Sherrie Gritts to go buy pill and then make meth.'" (*Id.*) Also, according to the pre-sentence report, three co-defendants identified Petitioner as the "cooker" of the meth. (Ex. A, docket #2-1, Page ID#31.) However, one of those co-defendants, Matthew Svevad, wrote a letter on August 26,

2009, asserting that Petitioner "was not meth cooking or anything." (Ex. E, docket #2-5, Page ID#71.)

When calculating Petitioner's score under Michigan's sentencing guidelines, the state court determined that 10 points should be added under offense variable 14 ("OV14"), because Petitioner was a "leader in a multiple offender situation." *See* Mich. Comp. Laws § 777.44(1)(a). Those additional 10 points resulted in a guidelines range of 78 to 130 months for the minimum term of Petitioner's sentence. Without those points, the range would have been 72 to 120 months. On February 22, 2010, the court sentenced Petitioner to concurrent terms of 10 to 20 years' imprisonment for the meth-lab conviction, and 6 years and 8 months to 10 years' imprisonment for the conspiracy conviction.

On August 20, 2010, Petitioner filed a motion for resentencing, arguing that the court enhanced Petitioner's sentencing guidelines range based on an improper finding under OV14. The court denied the motion, stating, "'[T]he primary fact that the court relies on . . . is that the defendant in this case actually gave direction to three of the other four co-defendants to go out and secure supplies needed, in this case drugs, to cook the meth.'" (Ex. B, docket #2-2, Page ID#53.) Petitioner presented the same issue on appeal to the Michigan Court of Appeals and to the Michigan Supreme Court. Those courts denied leave to appeal on March 18, 2011, and September 6, 2011, respectively.

Petitioner filed the instant action on or about August 22, 2012, raising the following claim: "My sentencing guidelines included 10 points for OV 14 (leader in multiple offender situation). This score was based upon a hearsay accusation of one of my co-defendants that I was 'the cooker.'" (Pet., docket #1, Page ID#3.)

**Discussion**

Petitioner claims that the evidence relied upon by the state court to determine the appropriate range for his minimum sentence under the Michigan sentencing guidelines did not support its finding that he was a leader in a multiple offender situation. According to the pre-sentence report, co-defendants identified him as the "cooker" of the methamphetamine, but he contends that those statements were false.

Claims concerning the improper scoring of sentencing guidelines are state-law claims that are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state-law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling*

*v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude."  *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Indeed, Petitioner received a minimum sentence of 10 years, which is within the allegedly "correct" guidelines range for his offense (72 months to 10 years).

Further, Petitioner's assertion that the court relied on materially false information is unsupported. Petitioner objects to statements in the pre-sentence report that co-defendants identified him as the "cooker" of the meth.  At issue, however, was whether Petitioner was a leader in the conspiracy to make meth, not whether he made it himself.  Even without the evidence in the pre-

sentence report, Petitioner's admissions at his plea hearing provided ample support for the state court's finding under OV14. Thus, Petitioner falls far short of showing egregious circumstances implicating due process. Moreover, the state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     September 19, 2012             /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE